**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2202**

AMANDA MANNING,

                    Plaintiff – Appellee,

        v.

UNITED STATES OF AMERICA,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:13-cv-01852-GLR)

Argued:  March 21, 2018                      Decided:  June 13, 2018

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Caroline D. Lopez, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant.  Jonathan E. Goldberg, SCHOCHOR, FEDERICO & STATON, P.A., Baltimore, Maryland, for Appellee.  **ON BRIEF:** Chad A. Readler, Acting Assistant Attorney General, Mark B. Stern, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Rod J. Rosenstein, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellant. Jonathan Schochor, SCHOCHOR, FEDERICO & STATON, P.A., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The government appeals from the final judgment entered in the District of Maryland in favor of plaintiff Amanda Manning in her medical malpractice action under the Federal Tort Claims Act. During the four-day bench trial in October 2015, the parties each relied on an expert witness to give opinion evidence on the applicable standard of care and breach thereof, as well as causation. The district court excluded the government's proposed second expert witness on grounds including that the government failed to put Manning on notice that the expert would opine on the standard of care, and that the expert offered only cumulative evidence as to causation.

Following the trial, the district court initially ruled in favor of the government. *See Manning v. United States*, No. 1:13-cv-01852 (D. Md. Oct. 26, 2015), ECF No. 58. The court determined that Manning proved a breach of the standard of care, but that she failed to meet her burden as to causation, in part because the "parties presented equally compelling testimony regarding the cause of [the condition that resulted in Manning's injury]." *Id.* at 2-3.

Manning then filed a motion for a new trial on causation and damages. After reviewing the opinion evidence of the parties' expert witnesses, the district court granted Manning's motion. *See Manning v. United States*, No. 1:13-cv-01852 (D. Md. May 23, 2016), ECF No. 74. The court explained that the government's expert had based his causation opinion on "unfounded material facts," and that Manning's expert had thus provided "the only credible opinion . . . on causation." *Id.* at 2-3. Rather than conducting

a second trial, the court simply vacated its prior ruling for the government and entered judgment in favor of Manning. *Id.* at 3.

The parties thereafter submitted memoranda to the district court regarding damages, and the government filed its own motion for a new trial. In its motion, the government argued, inter alia, that the court had erred at trial in excluding the government's proposed second expert witness, particularly as to the issue of causation. The court denied the government's new trial motion and awarded Manning more than $400,000 in damages. *See Manning v. United States*, No. 1:13-cv-01852 (D. Md. Aug. 18, 2016), ECF No. 80.

The government timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291. The government's appeal focuses on the exclusion of its proposed second expert witness at trial, which we review for abuse of discretion. *See Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 200 (4th Cir. 2001) ("Courts of appeals apply an abuse of discretion standard when reviewing a trial court's decision to admit or exclude expert testimony."). Having carefully examined the record and assessed the parties' written submissions together with the argument of counsel, we discern no abuse of discretion. Accordingly, we are content to affirm the judgment entered by the district court in favor of Manning.

*AFFIRMED*